STEVE BRODY and JEANETTE BRODY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Brody v. Commissioner
Docket Nos. 3898-72, 1640-73.
United States Tax Court
T.C. Memo 1975-47; 1975 Tax Ct. Memo LEXIS 324; 34 T.C.M. (CCH) 310; T.C.M. (RIA) 750047; March 5, 1975, Filed Stanley Pressment, for the petitioners. L. William Fishman, for the respondent. QUEALY
MEMORANDUM FINDINGS OF FACT AND OPINION QUEALY, Judge: This proceeding involves the redetermination of the following deficiencies and additions to tax in the income tax of petitioners for the taxable years 1966, 1967, and 1968: Additions to Tax Year
Deficiency
Section 6653(a) [1]
1966
$4,326.08
$216.30
1967
4,264.34
213.22
1968
5,019.31
250.97
The sole question presented for decision *325 is whether petitioners are taxable on the income of Temp-Aire Mechanical Corp., a corporation organized under the laws of the State of New York, for the fiscal years of the corporation ending October 31, 1966, 1967, and 1968. All the facts have been stipulated. The stipulation of facts and exhibits attached thereto are incorporated herein by this reference. Steve Brody and Jeanette Brody, the petitioners herein, filed joint Federal income tax returns for the taxable years 1966, 1967, and 1968 with the district director of internal revenue, Brooklyn District, New York. Jeanette Brody is a petitioner herein solely by reason of having joined her husband in the filing of such returns. The full legal name of petitioner Steve Brody is Seymour Wilfrid Brody. He has at times used the names Steve Brody, Wilfrid Brody, and Seymour Brody. At the time of filing petitions herein, the petitioners resided at Valley Stream, New York. Temp-Aire Mechanical Corp. was incorporated under the laws of the State of New York on December of 1963. The Certificate of Incorporation, dated November 30, 1963, bears the signature of "Kenneth Moore, Pres." The stock certificate book indicates that certificate *326 No. 1 for 10 shares was issued to Seymour W. Brody under date of December 15, 1963. No other certificates were issued, and there is no record in the corporate record book regarding any transfer of the certificate issued to Mr. Brody. Temp-Aire filed its Federal corporate income tax returns on the basis of a fiscal year ended October 31. For the fiscal years ended October 31, 1966, 1967, and 1968, Temp-Aire filed its returns on Form 1120-S and paid no tax on account of the income reflected thereon. Said returns were signed by petitioner Steve Brody. The returns filed by petitioners for the taxable years 1966, 1967, and 1968 did not include any income reflected on the returns filed by Temp-Aire Mechanical Corp. for the fiscal years ending in those calendar years. The respondent has determined that, pursuant to the election of Temp-Aire Mechanical Corp. to be taxable under subchapter S, the income realized by that corporation is includable in the individual returns of the petitioners. The respondent concedes that a search of the records of the Internal Revenue Service failed to disclose the filing by Steve Brody of a consent to the election of Temp-Aire to be taxable as a small *327 business corporation within the requirements of section 1372. Petitioners contend that it is incumbent upon the respondent under such circumstances to produce proof that consent was, in fact, filed by Steve Brody. In addition, the petitioners further contend that the respondent has failed to prove, as alleged in his amended answer, that Steve Brody was the sole stockholder of Temp-Aire. The question presented in this case, therefore, turns on the burden of proof. With respect to whether Temp-Aire failed to meet the qualifications of a corporation electing to be taxed under section 1371, the burden initially rests on the petitioner. With respect to whether Steve Brody owned all of the stock of the corporation, rather than only a part thereof, as originally determined by respondent, the burden of proof rests on the respondent. In his notice of deficiency, the respondent determined that Temp-Aire Mechanical Corp. had elected to be taxed under subchapter S and that, therefore, the income of that corporation should be included in the income of its shareholders. In making that determination, respondent relied on the fact that the returns filed by Temp-Aire, and signed by Steve Brody, *328 its principal or sole shareholder, signified an election to be taxed as a subchapter S corporation and in accordance with that election the corporation failed to pay any tax on the income reported in said returns. It cannot be said, nor does the petitioner argue, that respondent's determination in this respect was unreasonable, arbitrary, or capricious. To say the least, it was prima facie correct. Rule 142, Tax Court Rules of Practice and Procedure; Welch v. Helvering,290 U.S. 111 (1933); Poulter v. Commissioner,397 F. 2d 415 (C.A. 4, 1968), affirming a Memorandum Opinion of this Court. No evidence was offered by petitioners to rebut respondent's determination. Rather, petitioners relied solely on the respondent's inability to produce the required consent of the shareholders of Temp-Aire. From this, the petitioners would have the Court find that no consent was ever filed, thereby voiding the election of Temp-Aire to be taxed under subchapter S. Petitioner Steve Brody was shown on the returns to be the president of Temp-Aire. According to the stock records of Temp-Aire, he was also the sole shareholder and personally signed the appropriate *329 returns thereby signifying the election. If this was a mistake, and no consent was ever executed to such election, it was up to Steve Brody so to testify to that fact. This proceeding was continued at least once in order to meet his convenience on the representation that he would be present. Not only are petitioners not entitled to take advantage of Mr. Brody's failure to testify, and thereby place the burden on the respondent, but such failure raises the inference that if Mr. Brody had testified his testimony would have been adverse to the petitioners' case. Stoumen v. Commissioner,208 F. 2d 903 (C.A. 3, 1953); Wichita Terminal Elevator Co.,6 T.C. 1158 (1946), affd. 162 F. 2d 513 (C.A. 10, 1947). With respect to the allegation in respondent's amended answer that petitioner Steve Brody was the sole stockholder of Temp-Aire, the respondent admittedly has the burden of proof. The stock records of Temp-Aire, which were admitted in evidence as an exhibit to the stipulation of facts, show that the only certificate ever issued by Temp-Aire was certificate No. 1 for 10 shares issued to Seymour W. Brody, the petitioner herein. These *330 records are prima facie proof of ownership of the stock. Fort Cumberland Hotel Co.,1 B.T.A. 1256 (1925). No proof was adduced by the petitioners to show that such records were incorrect, or that Mr. Brody transferred any part of that stock without having a certificate issued or without otherwise recording such transfer on the books and records of Temp-Aire. It is not known how the respondent could present any further proof in support of his burden. Accordingly, the respondent is held to have met that burden. On the basis of this record, the Court accordingly holds that Temp-Aire duly elected to be taxed as a small business corporation under subchapter S for the taxable years ended October 31, 1966, 1967, and 1968 and that, as sole stockholder of said corporation, the income shown on its returns is taxable to the petitioner, Steve Brody. Furthermore, in the absence of any evidence accounting for petitioners' failure to include such income in their joint individual returns, the penalty asserted by the respondent under section 6653(a) is sustained. David Courtney,28 T.C. 658 (1957). Decisions will be entered for the respondent.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩